IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ANGEL FIGUEROA-REYES, | ) | |
| Petitioner, | ) | Civil Action No. 18-37 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| SUPT. MICHAEL CLARK, et al., | ) | |
| Respondents. | ) | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Luis Angel Figueroa-Reyes (the "Petitioner"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, his request for habeas relief is denied and a certificate of appealability is denied.

## **I.**

### **A.    Background**

In January 2014, the Petitioner was serving terms of imprisonment imposed by the Court of Common Pleas of Dauphin County. His original maximum sentence date was set at April 26, 2022. (ECF No. 7-1 at 4). On January 27, 2014, at the expiration of his minimum sentence date, the Pennsylvania Board of Probation and Parole (the "Board") released him to parole. (ECF No. 7-1 at 8; ECF No. 7-1 at 12-13). At that time, a total of 3011 days remained on his sentence.

On January 27, 2016, the Petitioner was charged with new drug-related criminal offenses. The following year, on January 9, 2017, he pleaded guilty in the Court of Common Pleas of Dauphin County to one count of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver. The court

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

sentenced him to a maximum term of 23 months of incarceration in county prison and he was immediately released on parole to a Board detainer. (ECF No. 7-1 at 24). Two days later, on January 11, 2017, the Petitioner was charged with violating his parole based on his new judgment of sentence. (ECF No. 7-1 at 27-29). He waived his right to counsel and to a parole revocation hearing and admitted that he violated conditions of his parole. (ECF No. 7-1 at 32). In a Notice of Board Decision mailed on April 7, 2017, the Board advised the Petitioner that he was recommitted as a convicted parole violator to serve 36 months of backtime and that his maximum sentence date was recalculated to be April 8, 2025. (ECF No. 7-1 at 34).

The Petitioner filed an Administrative Remedies Form with the Board (ECF No. 7-1 at 37), which the Board denied on March 22, 2018, explaining:

> First, you signed a form waiving your right to a revocation hearing and admitting that you were convicted of Possession with Intent to Manufacture or Deliver in the Court of Common Pleas of Dauphin County…in violation of your parole on January 11, 2017. The waiver/admission form you signed specifically indicates that you chose to take said action of you[r] own free will, without promise, threat or coercion and that you did so with full knowledge and understanding of your rights. This document also gave you ten calendar days to withdraw the admission. There is no indication that you withdrew the waiver/admission within that grace period. Therefore, the Board had sufficient evidence to revoke your parole based on the waiver/admission.
>
> Next, the Board recommitted you as a convicted parole violator to 36 months for Manufacture, Sale, Deliver or Possession with Intent to Deliver a Controlled Substance—Heroin. The maximum term of imprisonment that could be imposed for PWID—Heroine, which is a Schedule I substance, is 14 years. 35 P.S. § 780-113(f)(1). This means that the presumptive recommitment range for that offense is 24 to 36 months. 37 Pa. Code § 75.2. Therefore, the 36 month recommitment term falls within the presumptive range and is not subject to challenge. <u>Smith v. Pennsylvania Board of Probation and Parole</u>, 574 A.2d 558 (Pa. 1990).

(ECF No. 7-1 at 40). The Board also advised the Petitioner that "[i]f you wish to appeal this decision, you must file an appellate petition for review with the Commonwealth Court within thirty (30) days[.]" (ECF No. 7-1 at 41). The docket for the Commonwealth Court, which is available online at

https://ujsportal.pacourts.us and of which this Court may take judicial notice, establishes that the Petitioner did not pursue an appeal with it.

In the meantime, in February 2018, the Petitioner filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). He alleges that the Board violated his federal constitutional rights because it did not have the authority to extend his maximum sentence date. The Respondents filed their answer. (ECF No. 7). The Petitioner did not file a reply. LCvR 2254.E.2 ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Answer.")

**B.     Discussion**

Since the Petitioner did not exhaust his state-court remedies and the time for him to do so has expired, the Court could dismiss his claim as procedurally defaulted after providing him with the appropriate notice and chance to respond.[2] However, because the Petitioner's claim clearly has no merit, the Court can and does deny it on the merits without regard to whether it is procedurally defaulted.

Section 2254 permits a federal court to entertain an application for habeas corpus relief from a state prisoner, in relevant part, "only on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). It is the Petitioner's burden to prove that he is entitled to the writ, see, e.g., Cullen v. Pinholster, 563 U.S. 170, 181 (2011), and he has not met his burden here.

---

[2] The procedural default doctrine is "grounded in concerns of comity and federalism[,]" Coleman v. Thompson, 501 U.S. 722, 730 (1991), and it provides, in relevant part, that a habeas claim may not be addressed by the federal court if the petitioner failed to present it to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration. See, e.g., Lines v. Larkins, 208 F.3d 153, 162-69 (3d Cir. 2000).

Although it is well-settled that maintaining an individual in custody beyond the expiration of his maximum sentence constitutes a violation of his constitutional rights, see, e.g., Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989), the record in this case establishes that the Board correctly recalculated his maximum sentence date. When the Petitioner was paroled on January 27, 2014, a total of 3011 days remained on his sentence. Following his January 2017 conviction on new charges, the Board recommitted him as a convicted parole violator and, as a result, he is required to serve the remainder of his original term and is not entitled to credit for any period of time he was at liberty on parole. 61 PA. CONS. STAT. § 6138(a)(2). The state court sentenced him in his new criminal case on January 9, 2017, to a term of imprisonment in county prison. He is not entitled to credit from the Board for detention prior to that sentencing because he was not detained solely by the Board during that period. See Gaito v. Pennsylvania Bd. of Prob. and Parole, 412 A.2d 568 (Pa. 1980). After the court sentenced him on January 9, 2017, it immediately released him to the Board's detainer. Adding 3011 days to the date he was released to the Board's detainer resulted in the April 8, 2025, parole violation maximum sentence date.

Based upon all of the foregoing, the Petitioner has not met his burden of demonstrating that the Board violated his federal constitutional rights. Therefore, his petition is denied.

## C. **Certificate of Appealability**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") set forth standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. As codified at 28 U.S.C. § 2253, it provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he

4

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the Petitioner's claim should be denied for the reasons given herein. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the Petitioner's request for habeas relief is denied and a certificate of appealability is denied. An appropriate Order follows.

Dated: July 10, 2018
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge